USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 4/6/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

JOEL PENA,

                Defendant.

No. 18-cr-640 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    On March 27, 2020, the Court received a renewed bail application from Defendant Joel Pena. Since his arrest on September 18, 2019, Mr. Pena has been detained at the MCC. On September 26, 2019, the Court denied Mr. Pena's initial bail application after concluding that he was a flight risk. *See* 18 U.S.C. § 3142. Citing COVID-19 and the evolving health crisis in the jails, Mr. Pena filed the present request for his release. On March 31, 2020, the Government opposed his application.

    Although the Court is concerned about the conditions in the MCC, Mr. Pena has not identified a reason particular to his own circumstances to reconsider the prior bail decision. For all the reasons stated during the September 26, 2019 bail hearing, Mr. Pena remains "undoubtedly a risk of flight." Gov't Opp., Ex. A, Tr. At 14:16-17. For over 13 months after the Government unsealed charges in this case, Mr. Pena was a fugitive, appearing to live under an alias. In addition, as the Court previously noted when denying his initial bail application, Mr. Pena has a history of bench warrants and fraud convictions. Significantly, Mr. Pena's March 27, 2020 letter motion does not address the

Court's finding that he is a flight risk nor offer any facts that would change that assessment. Furthermore, in citing COVID-19 as the changed circumstances now warranting his release, Mr. Pena does not identify any underlying health issue that puts him at a heightened risk for contracting the virus.

As a final matter, Mr. Pena also argues that his Sixth Amendment right to effective assistance of counsel is impaired because of the BOP's 30-day suspension of legal visits to the MCC. Mr. Pena, however, retains his right to speak to his counsel by phone, which is a suitable alternative at this time in light of the generally-accepted nationwide mandate against in-person meetings. *See Pell v. Prounier*, 417 U.S. 817, 826 (1974) (granting prison officials "latitude" in restricting visits "[s]o long as reasonable and effective means of communication remain open"); *see also Groenow v. Williams*, No. 13-CV-3961 (PAC), 2014 WL 941276, at *6 (S.D.N.Y. Mar. 11, 2014) ("[D]istrict courts have found that a prisoner's right to counsel is not unreasonably burdened where a plaintiff has alternate means of communication with counsel." (collecting cases)). While the BOP is in the midst of a 14-day lockdown, it has represented that, to the extent practicable, it will continue to provide detainees with access to telephones and e-mail.

Accordingly, for the foregoing reasons, Mr. Pena's renewed application for bail is denied.[1]

SO ORDERED.

Dated: April 6, 2020
        New York, New York

                                            Ronnie Abrams
                                            United States District Judge

---

[1] Mr. Pena did not request a hearing on this matter. The Court, therefore, finds it appropriate to resolve this matter based on the parties' submissions.